MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
CHRISTIAN, KRAVITZ, DICHTER,
JOHNSON & SLUGA, LLC
8985 South Eastern Avenue, Suite 200
Las Vegas, Nevada 89123-4852
(702) 362-6666
(702) 992-1000, Facsimile
*Attorneys for Defendant,*
*XL SPECIALITY INSURANCE COMPANY*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FRANCISCO VILLAS COMMUNITY ASSOCIATION, a Nevada Nonprofit Cooperative Corporation Without Stock,<br><br>Plaintiff,<br>vs.<br>XL SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Defendants. | Case No.: 2:14-cv-00372-JAD-VCF<br><br>**THE PARTIES JOINT MOTION FOR AN ORDER TO STAY PROCEEDINGS PENDING COMPLETION OF VOLUNTARY MEDIATION** |

Plaintiff FRANCISCO VILLAS COMMUNITY ASSOCIATION (hereinafter "Francisco Villas") and Defendant XL SPECIALTY INSURANCE COMPANY (hereinafter "XL"), by their respective counsel of record, hereby join in moving the Court for an order to stay further proceedings in this matter pending a private party mediation, which is scheduled for May 15, 2014.

## POINTS AND AUTHORITIES

Plaintiff, Francisco Villas, is a homeowners association which purchased Commercial General Commercial Insurance with Defendant XL. On January 17, 2014, plaintiff filed the

declaratory relief action against XL seeking declarations that the policy covers damage which occurred to the homeowners condominium foundations and structures between 09/27/2011 through 09/27/2012. It appears that a water main below the surface of the ground broke releasing mass amounts of water under the foundations of the condominium project which caused subsidence and resultant damage to the condominium buildings.

XL believes that there were provisions of the policy which excluded coverage for some or all of the damage incurred. Plaintiff on the other hand, insists that the interpretation of the policy would justify coverage.

After serving the Complaint herein, the parties had some preliminary discussions which indicate that common ground might be reached in resolving the matter at an early stage. Thus, they agreed to hold a mediation with Joseph Bongiovi on May 15, 2014 in an attempt to resolve the underlying dispute. The complaint, answer and counterclaim have been filed by the parties. Statements of interested parties have also been filed along with the statement concerning the removal of this action from state to federal court. Francisco Villas has yet to file a reply to the counterclaim; nor have the parties met to draft a Discovery Plan/Scheduling Order to the court. Moreover, no discovery has been undertaken other than the initial evaluations done by engineers and adjusters.

The parties believe that the matter could in fact be resolved by good faith mediation and resolution of the underlying claims. If so this litigation could be either dismissed, or resolved by a very limited discovery and motions.

Therefore the parties jointly request that the court grant a brief stay in this matter until Tuesday, June 10, 2014 -- approximately seventy-five (75) judicial days -- in which to undertake any further pleading or discovery. If the matter is resolved by mediation the court will be presented with a stipulation for dismissal. If the matter is not settled, the parties will by June 10,

2014 present the Court their final pleadings, participate in a F.R.C.P. 26(f) conference and submit their proposed Discovery Plan/Scheduling Report with potential limitations on discovery to be undertaken and shorten dates for the presentation of motions dealing with the interpretation of the policy.

It is the policy of the federal courts to encourage the "just, speedy, and inexpensive determination" of every civil matter. See F.R.C.P. 1; see also *Brown Shoe Co. v. U.S.*, 370 U.S. 294, 306 (1962) (U.S. Supreme Court heard the just, speedy and inexpensive goals as the "touchstones of federal procedure"). Litigants have an obligation to the court to refrain from conduct that frustrates the aims of Rule 1. *Hill v. McMillan McGraw-Hill Sch. Publ'g Co.*, 1995 WL 317054 (N.D. Cal 1995).

The parties have done a thorough analysis of the policy exclusions, exceptions, and coverage issues. Plaintiff has also indicated that it needs a few weeks to analyze its damage claims and will provide to XL a thorough breakdown with particularization of the claimed damages and repairs in order to assist a mediator in understanding the issues involved. XL will provide a good faith response to the Plaintiff's damage claims within ten (10) days after receiving the demand from Plaintiff's counsel.

Therefore the parties respectfully request that the court impose a brief stay in this matter until June 10, 2014 in order to allow the parties to mediate and potentially resolve the case.

DATED this 27th day of March, 2014.

CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC

  /s/ Martin J. Kravitz, Esq.
Martin J. Kravitz, Esq.
Nevada Bar No. 83
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
*Attorneys for Defendant,*
*XL SPECIALITY INSURANCE COMPANY*

1  DATED this 27th day of March, 2014.

LAW OFFICES OF STEVEN J. PARSONS

　　/s/  Steven J. Parsons, Esq.
Steven J. Parsons, Esq.
Nevada Bar No. 363
7201 W. Lake Mead Blvd., Suite 108
Las Vegas, Nevada 89128-8354
*Attorneys for Plaintiff*

**ORDER**

IT IS SO ORDERED.

Dated:  March 31 , 2014.

**U.S. ~~DISTRICT~~/MAGISTRATE JUDGE**