1  Steven J. Parsons
   Nevada Bar No. 363
2  Joseph N. Mott
   Nevada Bar No. 12455
3  LAW OFFICES OF STEVEN J. PARSONS
   7201 W Lake Mead Blvd Ste 108
4  Las Vegas NV 89128-8354
   (702) 384-9900
5  (702) 384-5900 (fax)
   Steve@SJPlawyer.com
6  Jmott@SJPlawyer.com

7  Attorneys for Plaintiff
   **FRANCISCO VILLAS COMMUNITY ASSOCIATION**

8

9                  **UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF NEVADA**

11 | **FRANCISCO VILLAS COMMUNITY ASSOCIATION**, a Nevada Nonprofit Cooperative Corporation Without Stock, | Case No. **2:14-cv-372-JAD-(VCF)**
12 | | **THE PARTIES' SECOND JOINT MOTION AND PROPOSED ORDER TO STAY FURTHER PROCEEDINGS PENDING A PRIVATE MEDIATION**
13 |        Plaintiff, |
14 | vs. |
15 | **XL SPECIALTY INSURANCE COMPANY**, a Delaware corporation, |
16 |        Defendant. |
17 |_____/

18  Plaintiff **FRANCISCO VILLAS COMMUNITY ASSOCIATION** (hereinafter "Francisco Villas")

19  and Defendant **XL SPECIALTY INSURANCE COMPANY** (hereinafter "XL"), by their counsel of

20  record, hereby move the Court to enter a further order staying the proceedings in this matter

21  an additional forty-five (45) days pending a private party mediation, which is now scheduled

22  for July 2, 2014.

23                       **POINTS AND AUTHORITIES**

24       Plaintiff, Francisco Villas, is a homeowners association which purchased Commercial

25  General Commercial Insurance with Defendant XL.  The Policy insures the structures and

26  improvements of the Association's members' condominiums.

27

On January 17, 2014, Plaintiff filed the declaratory relief action against XL seeking declarations that the Policy covers damage which occurred to the homeowners condominium foundations and structures between September 9, 2011 through September 27, 2012. It appears that a water main below the surface of the ground broke releasing mass amounts of water under the foundations of the condominium project which caused subsidence and resultant damage to the condominium buildings, the structures and improvements. The residents/member-tenants of four (4) units have been completely displaced, and it is likely that an additional four (4) residents/member-tenants of the other side of the same structure may be order to vacate their units, as well.

XL believes that there were provisions of the policy which excluded coverage for some or all of the damage incurred. Plaintiff on the other hand, insists that the interpretation of the policy would justify coverage. Nonetheless, prior to suit, Defendant XL thrice denied the claim of Plaintiff Francisco Villas.

After serving the Complaint herein, the parties had some preliminary discussions which indicate that common ground might be reached in resolving the matter at an early stage.[1]  After cogent, candid and thorough discussions, the parties agreed to mediate this matter with private mediator Joseph Bongiovi, and the mediation was originally set for May 15, 2014.

However, upon further communication and coordination of site visits by the parties and their experts, the parties agreed to postpone the mediation to ensure that the parties have ample time to prepare for the mediation. The delay of the mediation was for good cause to ensure that the mediation has the maximum potential for success. Additional due diligence by both parties, and even by members of the Plaintiff, continue at this time.

---

[1] The Complaint, Answer and Counterclaim have been filed by the parties. Statements of interested parties have also been filed along with the statement concerning the removal of this action from state to federal court. Francisco Villas has yet to file a reply to the counterclaim; nor have the parties met to draft a Discovery Plan/Scheduling Order to the court. Discovery has not been undertaken, other than the initial evaluations done by contractors, engineers and adjusters of the parties.

Upon the Parties' earlier Joint Motion to Stay (Docket No. 7), this Court entered its Order (Docket No. 8) staying this matter until June 10, 2014 to allow for the planned mediation to go forward without requiring the parties to expend any additional resources on pre-mediation litigation.

The parties have now rescheduled the mediation with Mr. Bongiovi for Wednesday, July 2, 2014.

The parties still believe that the matter can be resolved by good faith mediation and resolution of the underlying claims. If so, this litigation would be either dismissed, or thereafter resolved with very limited discovery and motions.

Therefore, the parties hereby move this Court for an Order extending the stay of the proceedings in this matter an additional forty-five (45) days to July 25, 2014 to allow the parties an opportunity to resolve this matter at the July 2, 2014 mediation.

In the event this case is not settled during the mediation or the reasonable period of time after the mediation, the parties will file a proposed discovery plan and scheduling order not later than Friday, July 25, 2014.

Dated: May 14, 2014.

| | |
|---|---|
| LAW OFFICES OF STEVEN J. PARSONS | CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC |
| /s/ Steven J. Parsons<br>STEVEN J. PARSONS<br>Nevada Bar No. 363 | /s/ Martin J Kravitz<br>MARTIN J. KRAVITZ<br>Nevada Bar No. 83 |
| Attorneys for Plaintiff<br>**FRANCISCO VILLAS COMMUNITY ASSOCIATION** | Attorneys for Defendant<br>**XL SPECIALTY INSURANCE CO.** |

## ORDER

Upon the foregoing Motion, and good cause appearing, therefore,

**IT IS SO ORDERED** that the parties' Motion is hereby **GRANTED**.

Dated: May 15, 2014.

_____
U.S. DISTRICT/MAGISTRATE JUDGE